UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JESSICA MAY,

    Plaintiff,

v.                                                                   Case No:  3:14-cv-912-J-32JRK

STEAK N SHAKE OPERATIONS
INC.,

    Defendant.

## O R D E R

Plaintiff Jessica May allegedly was and is employed by Defendant Steak N Shake Operations, Inc. as an hourly employee entitled to the minimum wage under the Florida Minimum Wage Act. (Doc. 2). May claims she regularly spent more than 20% of her time at work performing non-tipped labor, and performed tasks unrelated and not incidental to tipped service, yet was not paid the minimum wage for such time. (Doc. 2 at 5-6). As such, she seeks relief under the FMWA. (Doc. 2 at 4). Steak N Shake removed the case (Doc. 1), May moved for remand (Doc. 8), and Steak N Shake responded (Doc. 9). The Court held oral argument on the motion, and the transcript of that proceeding is incorporated herein.

Steak N Shake asserts that this case falls under the Court's federal question jurisdiction because it implicates substantial, disputed federal issues under the Fair Labor Standards Act ("FLSA"). (Doc. 1 at 3).[1] Federal courts only have federal

---

[1] Steak N Shake also argued in its filings that May's claim is removable because

question jurisdiction over state law claims which "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Steak N Shake points to a number of ways in which resolution of May's FMWA claim requires reference to the FLSA, but only one which appears to be disputed – whether Steak N Shake was entitled to take a tip credit against May's wages. (Doc. 9 at 1-4).[2]

Employers are required to "pay [e]mployees [w]ages no less than the [m]inimum [w]age for all hours worked in Florida." Fla. Const. Art. 10 § 24(c). The FMWA implements Article 10 Section 24 of the Florida Constitution and provides a cause of action for violations of the act. Fla. Stat. § 448.110 (2014). To state an FMWA claim, a plaintiff must allege the same three elements as are required under the FLSA: (1) "that the plaintiff was employed by an employer covered by the FLSA during the time period involved;" (2) "that the plaintiff was engaged in commerce or production of

---

it is more properly characterized as a federal claim under the FLSA. (Doc. 1 at 3). While the FMWA is largely based on the FLSA, the interconnected nature of the statutes does not mean that every claim under the FMWA is really properly characterized as an FLSA claim. Hanna v. CFL Pizza, LLC, 6:11-CV-1837-ORL-22, 2012 WL 515875, at *6 (M.D. Fla. Jan. 30, 2012).

[2] While federal courts in this district have decided whether the FMWA's reliance on the FLSA necessarily leads to removal of FMWA claims, see Hanna, 2012 WL 515875, and have discussed the FMWA's reliance on the FLSA's tip credit provisions, see Kubiak v. S.W. Cowboy, Inc., 312-CV-1306-J-34JRK, 2014 WL 2625181 (M.D. Fla. June 12, 2014); Perez v. Palermo Seafood, Inc., 548 F. Supp. 2d 1340, 1348 (S.D. Fla. 2008), the Court believes it is the first to decide whether a dispute regarding the applicability of a tip credit under the FMWA permits removal.

2

goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce;" and (3) "that the employer failed to pay the plaintiff the minimum wage and overtime compensation required by law." Kwasnik v. Charlee Family Care Servs. of Cent. Florida, Inc., 608-CV-926-ORL-31KRS, 2009 WL 1607809, at *4 (M.D. Fla. June 9, 2009).

Under Florida law, "[f]or tipped [e]mployees meeting eligibility requirements for the tip credit under the FLSA, [e]mployers may credit towards satisfaction of the [m]inimum [w]age tips up to the amount of the allowable FLSA tip credit in 2003." Fla. Const. Art. 10 § 24(c). As such, resolution of Steak N Shake's entitlement to take a tip credit under the FMWA is dependent upon a determination as to whether May meets the eligibility requirements for a tip credit under the FLSA. The employer has the burden of proving that it is entitled to take a tip credit for an employee. See Vancamper v. Rental World, Inc., 6:10-CV-209-ORL-19, 2011 WL 1230805, at *5 (M.D. Fla. Mar. 31, 2011); but see Fast v. Applebee's Int'l, Inc., 638 F.3d 872, 882 (8th Cir. 2011). In doing so, the employer must prove the employee is a "tipped employee" as defined under the FLSA who received proper notice and retained all tips received that were not part of a lawful tip pooling agreement. Vancamper, 2011 WL 1230805, at *5.

Where an employee is engaged in two occupations, one of which is tipped and one of which is not, the employer may not take a tip credit for the hours the employee worked in the non-tipped occupation. 29 C.F.R. § 531.56(e). In contrast, "a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses" is still subject to a tip credit. Id. In

3

interpreting this regulation, the 1988 Department of Labor Field Operations Handbook states that employees who spend more than 20% of their time performing general preparation work or maintenance are not subject to a tip credit for the time spent performing those duties. Fast, 638 F.3d at 877-78.

Therefore, if May's non-tipped work was unrelated to her work as a server, such that she was employed in two occupations, Steak N Shake was not entitled to a tip credit for the time spent in the non-tipped occupation. 29 C.F.R. § 531.56(e). If instead her non-tipped work was related to her position as a server, the Court will have to determine whether to apply the language of the regulation, suggesting that May is subject to a tip credit, or to apply the Department of Labor Handbook's 20% rule.[3]

May's complaint alleges that Steak N Shake is not entitled to the tip credit to the extent that her non-tipped work exceeded 20% of her time. (Doc. 2 at 3). Steak N Shake argues that the 20% rule is inapplicable, or at least that the applicability of the 20% rule is unclear. (Doc. 9 at 9). No binding precedent dictates whether this Court would ultimately apply the 20% rule to this case. The lone federal appellate court to directly consider the issue has applied the 20% rule, Fast, 638 F.3d at 881, as have some district courts in this circuit, see Crate v. Q's Restaurant Group LLC, 8:13-cv-2549-T-24EAJ, Doc. 45 at 10 (M.D. Fla. May 2, 2014); see also Ide v. Neighborhood Rest. Partners, LLC, No. 1:13-CV-00509-SCJ, 2014 WL 3644322, at *6 (N.D. Ga. July

---

[3] The parties do not appear to contest that Steak N Shake will be able to meet its burden of proving that May was a tipped employee as defined under the FLSA who received proper notice and retained all tips she received that were not part of a lawful tip pooling agreement.

8, 2014) (referring to the 20% rule as the applicable standard); Ash v. Sambodromo, LLC, 676 F. Supp. 2d 1360, 1367 (S.D. Fla. 2009) (same). However, at least one district court has questioned the validity of the rule, referring to its application as infeasible. Pellon v. Bus. Representation Int'l, Inc., 528 F. Supp. 2d 1306, 1313-14 (S.D. Fla. 2007) (discussing the potential failings of the rule but finding a decision regarding the rule's applicability unnecessary given the facts of the case).

While the Court notes the parties' disagreement over whether the 20% rule applies, it need not reach whether such disagreement presents a substantial federal issue because the issue does not appear on the face of a well-pleaded FMWA complaint. Removal under the Court's federal question jurisdiction is only appropriate where a plaintiff's properly pleaded statement of her claim includes a federal question. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998). Accordingly, as a federal defense is not an element of a plaintiff's claim, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

Plaintiff's claim under the Florida act, the FMWA, need only allege that she was employed by Steak N Shake during a period that Steak N Shake was covered by the FLSA, that she or Steak N Shake was engaged in commerce or in the production of goods for commerce, and that Steak N Shake failed to pay her the minimum wage. Kwasnik, 2009 WL 1607809, at *4. It is then Steak N Shake's burden to demonstrate,

5

as a defense, that it is entitled to a tip credit. Vancamper, 2011 WL 1230805, at *5. Steak N Shake argues that, if the Court were to apply the 20% rule, the burden would then shift back to May to prove what it calls "a defense to a defense" – that May spent more than 20% of her time doing non-tipped work. Cf. Pellon, 528 F. Supp. 2d at 1314 (noting that plaintiffs had failed to offer evidence that their non-tipped duties constituted more than 20% of the workday).[4]

Plaintiff was thorough in her complaint, explaining why she believes Steak N Shake's potential tip credit defense will fail. Nevertheless, Plaintiff is not required to allege the inapplicability of a tip credit or the applicability of the 20% rule on the face of a well-pleaded FMWA complaint. Defendant may not remove based on a federal question that may arise in a defense or a "defense to a defense". See Rivet, 522 U.S. 470, 475 (1998) (holding that a defendant may not remove on the basis of an issue that does not appear on the face of a well-pleaded complaint).

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Remand (Doc. 8) is **GRANTED**. This case is **REMANDED** to the Seventh Judicial Circuit in and for Flagler County, Florida. Once remand has been effected, the Clerk should close the file.

---

[4] The Court is not necessarily endorsing the 20% rule or adopting this framework for application of the 20% rule. However, the Court accepts the idea that, for purposes of determining federal removal jurisdiction, the "tip credit" issue is not an element of Plaintiff's FMWA claim.

**DONE AND ORDERED** in Jacksonville, Florida the 18th day of December, 2014.

/s/ Timothy J. Corrigan
TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies to:

Counsel of record